## NEIMEYER v. THE CASS CO. BANK ET AL.

1. **Practice in the Supreme Court**: OBJECTIONS TO DEPOSITIONS. Where written objections to the taking of a deposition were filed with the notary, but the attention of the court was never called to the same and he never passed upon them, no question was thereby raised for the determination of the Supreme Court.

*Appeal from Cass District Court.*

WEDNESDAY, DECEMBER 15.

THE petition of plaintiff alleges, in the first count, that the defendants, John Keyes and J. C. Yelzer, are engaged as part-

ners in banking under the firm name of the Cass County Bank. That on and before November 3d, 1871, the plaintiff became indebted to defendants for borrowed money, over-drafts, etc., in a large sum of money, and that plaintiff transferred to defendants, as collateral security, certain city and county warrants and promissory notes, amounting in all to about $2,442, besides accrued interest, and that as further collateral security the plaintiff caused to be conveyed by J. A. Tenny, who held the legal title thereof in trust for plaintiff, to defendants, certain eight lots in the town of Atlantic.

That these lots were conveyed by deeds absolute on their face, but which were intended as security only, and were so understood by defendants; and that they have valuable improvements on them and are worth $12,000. That defendants have sold part of said property and have realized large sums from the notes, accounts and warrants, and that enough has been realized from these sources to liquidate plaintiff's entire indebtedness. That defendants refuse to account for the balance of money and property, remaining in their hands. The plaintiff avers his readiness and willingness to pay defendants whatever sum may be found due them, on return of the balance of the property in their hands, if it should be found that defendants have not been fully paid.

The second count of the petition alleges that about January 2d, 1873, the plaintiff and one J. A. Tenny were partners, and owners of lots 23 and 24 in block 47, in the town of Atlantic, and the brick hotel building situated thereon; and that the legal title thereto, by mutual consent, was vested in J. A. Tenny, in trust for the co-partnership. That about the 2d of January, 1873, the defendants purchased the interest of said Tenny in the property, and received a conveyance from him. That at the time of such purchase the defendants were informed of the relations between plaintiff and Tenny, and of plaintiff's interest in the property, and that defendants took the title thereto, subject to the plaintiff's rights therein.

That at the time of said purchase the plaintiff had invested therein about the sum of $4,000, and his interest is worth that sum.

That defendants have taken the entire possession of the property and converted it to their own use, and that they refuse to account to plaintiff for any of the rent thereof. That by reason of the purchase by defendants, and their wrongful conversion of the property, the partnership has been dissolved, and the accounts have not been settled nor the property divided. That defendants have expended money in repairing and refitting said property, and have received the rents and profits therefrom; and that the property is so situated that it cannot be divided, and distribution can be made only by a sale thereof.

Plaintiff prays an accounting and settlement of all the matters set forth in the first count; and on the second count plaintiff prays that the co-partnership be declared dissolved, and for an accounting of all matters relating thereto, and that the property therein described be sold and ratably divided; or, if defendants elect to retain the property, that plaintiff have judgment for the amount of his interest therein, and a lien against the property. therefor. After the commencement of the action the defendant, John Keyes, died and at the January term, 1874, his administrators were substituted as defendants. The defendants answered, and upon the evidence submitted the court found certain facts, from which, under the first count in the petition, he adjudged that defendants recover of plaintiff the sum of $1,353.78, with interest at 6 per cent, that a conveyance of lot 19 in block 34, in Atlantic, by J. A. Tenny to J. C. Yetzer, is in fact a mortgage to secure the payment of said sum; that said mortgage be foreclosed, and the premises be sold to satisfy the judgment, and that defendants have a general execution for any balance remaining after the sale of said premises.

Upon the cause of action stated in the second count the court adjudged that the plaintiff and the defendants are joint-owners of lots 23 and 24, in block 47, Atlantic, each owning one-half thereof. That defendants are entitled to hold the possession of the whole of said premises, and collect the rents and profits until the same are sufficient to pay the amount which defendants have disbursed upon the premises and in

discharging liens thereon; or, if defendants shall so elect, they may have execution against plaintiff's interest in said premises for the sum of $585.93, said sum being one-half the amount which defendants have paid out on said premises, in excess of the amount received by them thereon. And that upon payment of said sum the plaintiff's interest shall be discharged from all claim of the defendant thereon.

The plaintiff appeals from the judgment against him on the first count.

The defendants appeal from the judgment under the second count relating to lots 23 and 24, the hotel property.

*C. F. Loofbourow,* with *Phelps & DeLano,* for plaintiff.

*Temple & Phelps,* for defendants.

Day, J.—I. The plaintiff took his own deposition to be used in his own behalf. At the time of taking the deposition, the defendant filed with the notary public taking the same written exceptions to the questions and answers, on the ground that they were incompetent under section 3639 of the Code, one of the defendants being the administrator of a deceased person. It does not appear that these objections were ever called to the attention of the court, nor that he passed upon them. No question arises upon the admissibility of this deposition for our determination. Code, sections 3751-2-3.

*1. PRACTICE in the Supreme Court: objection to depositions.*

II. Under the first count of the petition the court found as facts, that on the 28th day of September, 1871, the defendant, the Cass County Bank, was the owner of two promissory notes executed by one J. A. Tenny to Ed. Hoch & Son, each for $2,018.98, and that the debt for which said notes were given was in fact the debt of John Neimeyer, and that there is now due from plaintiff thereon the sum of $1,353.78.

The only question which arises on plaintiff's appeal is one of fact, viz: Were the notes above named given for a debt of John Neimeyer?

No useful purpose would be subserved by a review of the

testimony.  We have examined it with care, and we feel satisfied that the finding of the court is sustained by the evidence.

III.  The only question which arises upon the defendants' appeal is, whether Neimeyer and Tenny were joint owners of the hotel property and Tenny conveyed his interest therein to defendants, in satisfaction of debts which he owed them. Upon this branch of the case the finding of the court is fully sustained by the testimony.

Upon both appeals the judgment is

AFFIRMED.